UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| EFRAIN OTERO | : | |
| --- | --- | --- |
| | : | |
| v. | : | C.A. No. 10-379S |
| | : | |
| STATE OF RHODE ISLAND | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is the State's Motion to Dismiss this habeas corpus petition brought pursuant to 28 U.S.C. § 2254. (Document No. 5). Petitioner Efrain Otero has not filed any opposition to the Motion, and the time for doing so under Local Rule Cv 7(b)(1) expired several weeks ago. Thus, the State's Motion to Dismiss is unopposed.

On August 12, 1999, a Superior Court jury convicted Petitioner of first-degree murder and carrying a pistol without a license. See State v. Otero, 788 A.2d 469 (R.I. 2002). The victim had been dating Petitioner's ex-wife for more than a year at the time of the shooting. Id. at 471. Petitioner was sentenced to life imprisonment on the murder charge and a consecutive ten-year suspended sentence on the gun charge. Id. Petitioner's direct appeal and subsequent application for post-conviction relief were both denied by the Rhode Island Supreme Court. See Otero v. State, 996 A.2d 667 (R.I. 2010).

In this case, Petitioner contends that his trial attorney was ineffective on four grounds because he (1) did not object to the police officer's qualification to testify as an expert in ballistics; (2) failed to raise a diminished capacity defense related to Petitioner's intoxication at the time of the

shooting; (3) failed to investigate evidence supporting a self-defense argument; and (4) failed to challenge jury instructions and add a self-defense instruction.

As to Petitioner's third and fourth ground for relief, the State accurately points out that neither of these ineffective assistance claims were presented in Petitioners' post-conviction relief application. See Otero v. State, 996 A.2d at 672-673; and Document No. 5-3. Thus, these are unexhausted claims which may not be considered by this Court pursuant to 28 U.S.C. § 2254(b)(1)(A). In addition, Petitioner is procedurally barred from raising these claims in State Court at this point. See Ferrell v. Wall, 971 A.2d 615, 621 (R.I. 2009). ("The applicant could have and indeed should have raised this issue in his first application for postconviction relief. His failure to raise this allegation at that time results in a bar to the litigation of that issue and that claim for relief."); Taylor v. Wall, 821 A.2d 685, 688 (R.I. 2003) (holding that R.I. Gen. Laws § 10-9.1-8 "codifies the doctrine of res judicata as applied to petitions for post-conviction relief" and that "[r]es judicata bars the relitigation of any issue that could have been litigated in a prior proceeding, including a direct appeal, that resulted in a final judgment between the same parties, or those in privity with them"); and State v. DeCiantis, 813 A.2d 986, 992-993 (R.I. 2003) (explaining that once a defendant litigates a post-conviction relief application to judgment, any ground not raised in that application "may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief").

Where, as here, "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 St. Ct. 2546 (1991); Walker v. Russo, 506 F.3d 19, 22 (1st Cir. 2007) ("a habeas petitioner's state procedural default can be excused if petitioner can show both cause for and prejudice resulting from the default") (citing Wainwright v. Sykes, 433 U.S. 72, 84-85, 87 (1977)).

Since Petitioner has not opposed the State's Motion to Dismiss, he provides no explanation regarding his failure to raise these claims in State Court and thus offers no basis upon which the Court could base a "cause and prejudice" finding. In addition, Petitioner has not demonstrated on this record that the failure to consider these claims would result in a fundamental miscarriage of justice. See McCambridge v. Hall, 303 F.3d 24, 34 (1st Cir. 2002). Thus, I conclude that consideration of Petitioner's third and fourth grounds for relief is barred because Petitioner has procedurally defaulted those claims under applicable state law.

As to Petitioner's first and second grounds for relief, those ineffective assistance claims are properly before the Court. In particular, Petitioner asserts that his trial attorney was ineffective because he did not object to the police officer's qualification in ballistics and failed to raise a diminished capacity defense based on Petitioner's intoxication at the time of the shooting. The applicable legal standard for this Court to consider claims contained in a state prisoner's § 2254 petition is set forth in AEDPA, the Antiterrorism and Effective Death Penalty Act of 1996. Under AEDPA, a writ of habeas corpus may not be granted unless the state court's adjudication of the prisoner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. See Bell v. Cone, 535 U.S. 685, 694 (2002). "[A] state court decision is considered contrary to Supreme Court precedent only if it either applies a test that is inconsistent with one announced by the Court or reaches the opposite conclusion on materially indistinguishable facts." Rashad v. Walsh, 300 F.3d 27, 34-35 (1st Cir. 2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)). The "unreasonable application" clause affords relief to a state prisoner "if the state court applies the correct legal standard in an objectively unreasonable manner, unreasonably extends a Supreme Court precedent to an inappropriate context, or fails to extend such a precedent to an appropriate context." Id. at 35 (citing Williams v. Taylor, 529 U.S. at 407-408). Finally, AEDPA permits relief from a state court judgment if it is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). However, the prisoner's burden in this regard is heavy because "[t]he state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary." Rashad v. Walsh, 300 F.3d at 35.

Here, both of Petitioner's grounds for relief claim ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984), sets forth the applicable standard for reviewing claims of ineffective assistance of counsel. Strickland requires not only that counsel's performance be objectively deficient, but that counsel's deficient performance prejudice the petitioner. See id. at 687. Moreover, in Strickland, the Court stated that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Applying Strickland to counsel's performance, "[j]udicial scrutiny of counsel's performance must be highly

deferential....A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 669. See also Wiggins v. Smith, 539 U.S. 510, 523 (2003) (quoting Strickland, 466 U.S. at 689) ("[E]very effort [must] be made to eliminate the distorting effects of hindsight").

Further, the Supreme Court has held that "appellate counsel...need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000). In Smith, the Court noted that "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

In rejecting Petitioner's ineffective assistance claims, the Rhode Island Supreme Court reasonably and properly applied the applicable legal test set forth in Strickland and found his claims to be "groundless in that he failed to set forth specific claims of deficient representation or evidence suggesting he was prejudiced by such a deficiency as required by Strickland." Otero v. State, 996 A.2d at 672. Since Petitioner has not responded to the State's Motion to Dismiss, he has again failed to substantiate his ineffective assistance claims or establish resulting prejudice. The Rhode Island Supreme Court primarily disposed of Petitioner's claims on Strickland's prejudice prong due to the presence of "overwhelming evidence of [Petitioner's] guilt." Id. It noted the existence of ample circumstantial evidence provided by three eyewitnesses at trial to support the State's version of the shooting. Id. In disposing of Petitioner's Motion for New Trial, the Supreme Court summarized such evidence as follows:

> In the instant case, there was ample circumstantial evidence to support a finding that defendant brought the gun to the bar and

> carried out a preconceived plan to kill Lara. The testimony of the three eyewitnesses, including Carlos's [the bartender] testimony that "everything was quiet" until defendant "came in, right away he came and shot the other one," and Morel's [a patron] testimony that defendant had something "silver, nickel color" in his hands before shots were fired, all buttressed the state's theory "that Teodoro Lara was playing pool when defendant entered the bar, that defendant went straight to him without preamble, and that shots were fired before the two men ever came into contact." Additionally, uncontroverted forensic evidence showed that, of the five bullets that wounded and killed Lara, only one was fired from close range, and Lara had defensive wounds on his hands consistent with Lara trying to grab the gun from defendant. A live bullet, matching the bullets found on the scene and in the victim's body, was found in the rescue vehicle that carried defendant to the hospital. A member of the rescue team testified that he cleaned out the vehicle between runs, leading to an inference that defendant brought to the bar not only the loaded gun, but extra ammunition as well. Medina, a witness for the defense, testified that based on the difference in size between the two men, defendant would have lost a hand-to-hand, physical fight with Lara. Finally, although there were no fingerprints found on the gun, the fact that defendant retreated into the bar for "several seconds" after a police officer ordered him to "show [him] his hands" supported an inference that defendant took that opportunity to wipe the gun clean and drop it on the floor where it was later found by police.

State v. Otero, 788 A.2d at 473-474.

Given the overwhelming evidence of guilt including eyewitness testimony, it is inconceivable that Petitioner would have escaped conviction if his trial attorney had raised the issue of the police officer's expertise in ballistics. Similarly, in view of Petitioner's reported blood alcohol level of .17 and the eyewitness accounts of his actions on the night of the shooting, it is equally inconceivable on these facts that Petitioner could have established the high level of diminished capacity necessary to negate the specific intent to murder. See State v. LaCroix, 911 A.2d 674, 679 (R.I. 2006) ("defendant must present sufficient proof of diminished capacity based on voluntary consumption of alcohol to allow a rational jury to find that the defendant was acting

with a will so paralyzed and a capacity so diminished by alcohol to have precluded him from forming any sane design or specific intent in carrying out the specific-intent crime"). Accordingly, the Rhode Island Supreme Court properly applied the legal standard contained in Strickland, and Petitioner has not established any legal or factual basis for relief under § 2254. Thus, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED and Petitioner's § 2254 Petition (Document No. 1) be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 23, 2011